IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M. RAINA ASSOCIATES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1601C<br>(Judge Wiese) |
| M. RAINA ASSOCIATES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-1222C<br>(Judge Wiese) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT IN CASE NO. 05-1222C**

For its answer to the complaint in case no. 05-1222C, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

2. Denies the allegations contained in the first sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 2 that Raina is in the construction contracting business; otherwise denies the allegations contained in the second sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 that the United States is the defendant in this action and that the General Services Administration is part of the United States; otherwise denies the allegations contained in paragraph 3.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited in paragraph 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited in paragraph 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Denies the allegations

contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third, fourth, and fifth sentences of paragraph 10. Admits the allegations contained in the sixth sentence of paragraph 10 that Raina submitted a request for equitable adjustment in the amount of $28,949.86; otherwise denies the allegations contained in the sixth sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the seventh sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11. Admits the allegation contained in the second sentence of paragraph 11 that an additional panel was installed; otherwise denies the allegations contained in the second sentence of paragraph 11. Admits the allegations contained in the third sentence of paragraph 11 that Raina submitted a request for equitable adjustment in the amount of $42,802.66 and that GSA has refused to pay that amount; otherwise denies the allegations contained in the third sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in the first sentence paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 12. Admits the allegation in the second sentence of paragraph 12 that the area to be renovated exceeded the amount indicated in the specification; otherwise denies the allegations contained in the second sentence of paragraph 12. Admits the allegations contained in the third sentence of paragraph 12 to the

extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 12. Admits the allegation contained in the fourth sentence of paragraph 12 that GSA has refused to pay Raina's claimed amount of $71,806.38; the remaining allegations contained in the fourth sentence of paragraph 12 constitute plaintiff's characterization of its case, to which no answer is required.

13. Admits the allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Denies.

15. Admits.

16. Admits the allegation contained in paragraph 16 that no final decision has been issued. The remaining allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 17, or to any relief whatsoever.

19. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ DEBORAH A. BYNUM
DEBORAH A. BYNUM
Assistant Director

s/ ROGER A. HIPP
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

January 19, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, a copy of the foregoing "Defendant's Answer to Plaintiff's Complaint in Case No. 05-1222C" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS